**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DORSEY DEAN ADAMS, JR.,

　　　Plaintiff-Appellant,

v.

CHARLES CORNELL, Sheriff of
Jackson County, Kansas; (FNU)
BUCK, Sergeant, Jackson County
Detention Center; (FNU) TIMMS,
Corporal, Jackson County Detention
Center; JANE #1 DOE, Jackson
County Detention Center Correctional
Officer,

　　　Defendants-Appellees.

No. 06-3002
(District of Kansas)
(D.C. No. 05-CV-3409-SAC)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

After examining appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On October 20, 2005, appellant Dorsey Dean Adams, Jr. filed a complaint pursuant to 42 U.S.C. § 1983 in federal district court asserting violations of his federal civil rights. Specifically, Adams alleged Defendants' failure to provide sufficient legal resources during his incarceration in the Jackson County Detention Center resulted in the denial of his right to due process of law and access to the courts. The district court granted Adams' motion to proceed *in forma pauperis* but dismissed his complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2), concluding it failed to state a claim. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The court concluded, *inter alia*, that Adams' allegations were insufficient to state a cognizable claim against Defendants because Adams was not impeded from checking the status of his pending civil action or filing a motion pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure before his term of incarceration in the Jackson County Detention Center commenced. Adams brought this appeal.

We have reviewed the record, the appellate brief, and the applicable law and conclude that the dismissal of Adams' § 1983 complaint was proper. Accordingly, the district court's order dismissing Adams' complaint is **affirmed**

for substantially the reasons stated in the district court's orders dated November 10, 2006 and December 13, 2005.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge